**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re:<br><br>GEORGE ASIEDU,<br><br>    Plaintiff,<br><br> v.<br><br>BANK OF AMERICA successor by merger to BAC HOME LOANS LP d/b/a COUNTRY WIDE HOME LOANS (defunct), PENNYMAC HOME LOAN SERVICING, VERIPRO SOLUTIONS, FED LOAN SERVING, CITY OF CHICAGO FINANCE, CAPITAL LOAN AUTO FINANCING, PEOPLES GAS, and ASSOCIATED IN SLEEP MEDICINE,<br><br>    Defendants. | Case No. 20-00343 (Adversary)<br><br>Case No. 20-13842<br><br>Chapter 13<br><br>Judge Timothy A. Barnes |

**DEFENDANT FEDLOAN SERVICING'S**
**MOTION TO DISMISS ADVERSARY COMPLAINT**

Defendant FedLoan Servicing ("FedLoan"), by and through its counsel, Bryan Cave Leighton Paisner LLP, moves to dismiss the claims against it in the Adversary Complaint ("Complaint") filed by Debtor/Plaintiff George Asiedu ("Plaintiff") pursuant to Fed. R. Bankr. P. 7012 and 7021 and Fed. R. Civ. P. 12(b)(6) and 21. In support of its Motion, FedLoan states as follows:

**I. INTRODUCTION**

Plaintiff filed this adversary proceeding to obtain, among other things, a discharge of his student loan debt. FedLoan is a servicer of Plaintiff's student loan. Plaintiff filed for Chapter 13 bankruptcy in this Court on July 13, 2020. Plaintiff's bankruptcy petition identifies FedLoan as one of his creditors, and also lists his student loan in the Summary of Assets and Liabilities. On

September 21, 2020, Plaintiff filed the Complaint to initiate this adversary proceeding against numerous defendants, including FedLoan.[1] The Complaint is nonsensical, but Plaintiff's focus appears to be on his mortgage and home loan.

Count I of the Complaint appears directed at Defendant Bank of America N.A. and alleges violations of the Gramm-Leach-Bliley Act regarding what Plaintiff describes as "a pattern of racketeering activity." (ECF 1, p. 6.) Count II also appears to be directed at Bank of America and alleges "Obstruction of Justice" and appears to claim that Judge Schmeterer and bankruptcy trustee Tom Vaughn are part of the alleged obstruction. (ECF 1, p. 9.) Count III is styled "Laundering of monetary instrument per Mortgage Breach of Contract," but asserts a litany of claims, including violations of the Truth in Lending Act, Illinois Consumer Fraud Act, Equal Credit Opportunity Act, as well as "loan flipping" and "Trover Defense." (ECF 1, pp. 11-73.) Plaintiff's claim against FedLoan is unclear, but appears to be included in Count III and is styled "Brunner." (ECF 1, p. 13.) He seeks a discharge of his student loan because he contends "I am under undue hardship now and in the near future to repay my student loan debt and still maintain minimal standard of living." (*Id.*)

These claims against FedLoan should be dismissed with prejudice because FedLoan is not a proper defendant. FedLoan is not a "creditor" as defined by the Bankruptcy Code because it does not have any ownership interest in the student loan—it merely services the loan. As such, FedLoan cannot award the remedy being sought in this adversary action, *i.e.*, a discharge of Plaintiff's liability for the student loan. Simply stated, Plaintiff cannot state a claim against

---

[1] Plaintiff claims to bring his Complaint pursuant to Federal Rules of Civil Procedure 3(a), 8(a) and 20. *See* ECF 1, ¶ 1 (Case No. 20-343). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *In re Park*, 314 B.R. 378, 384 (Bankr. N.D. Ill. 2004), citing Fed. R. Civ. P. 8(a); Fed. R. Bankr.P. 7008(a). However, the Complaint is anything but a "short and plain statement" given that FedLoan and the Court are required to wade through over 80 paragraphs of meandering allegations in order to interpret Plaintiff's claims.

FedLoan regarding the dischargeability of the loan under the Bankruptcy Code. Therefore, the Court should dismiss with prejudice the claims against FedLoan pursuant to Fed. R. Bankr. P. 7012 and 7021, as well as Fed. R. Civ. P. 12(b)(6) and 21.

## II.    BACKGROUND

Plaintiff obtained a federal student loan (the "Loan") in 2003. *See* FedLoan Declaration of in Support of Motion to Dismiss, attached hereto as <u>Exhibit A</u> ("FedLoan Decl."), at ¶ 8.[2] The Loan is owned by the United States Department of Education. *Id*. at ¶ 9. FedLoan does not have any ownership interest in the Loan. *Id*. at ¶¶ 9-10. FedLoan merely services the Loan on behalf of the Department of Education. *Id*. at ¶ 11. As loan servicer, FedLoan is responsible for, among other things, sending monthly loan statements to borrowers and collecting payments. *Id*. at ¶ 12.

On July 13, 2020, Plaintiff filed for bankruptcy protection under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. *See* ECF 1 (Case No. 20-13842).[3] Plaintiff's Voluntary Petition names FedLoan as a creditor, and lists $31,426 in the Loan in the Summary of Assets and Liabilities. *See* ECF 1, 15 (Case No. 20-13842). However, FedLoan is not listed in his Chapter 13 Plan. *See* ECF 17 (Case No. 20-13842).

---

[2] The Court can consider FedLoan's Declaration and the documents attached thereto, including Plaintiff's promissory note establishing the Department of Education as owner of the Loan, because it is central to the elements of Plaintiff's claim for the discharge of his student loan debt. *See, e.g., Elward v. Electrolux Home Prod., Inc.*, 264 F. Supp. 3d 877, 886 (N.D. Ill. 2017) (considering exhibits to the defendant's motion to dismiss when such exhibits concerned "the elements of plaintiff's claim").

[3] This is the second Chapter 13 bankruptcy case that Plaintiff has filed this year. The first case was filed on March 18, 2020, and dismissed on May 6, 2020 based on Plaintiff's failure to make his plan payments. (ECF 34 and 35, Case No. 20-7800)

3

### III. ARGUMENT

#### A. The Adversary Claims Against FedLoan Should Be Dismissed Under Fed. R. Civ. P. 21 Because FedLoan is Misjoined as a Defendant.

As an initial matter, Plaintiff's adversary claims against FedLoan should be dismissed because it cannot provide the relief requested by Plaintiff (i.e., a discharge of his liability for the Loan), and is therefore is misjoined as a defendant. Under Rule 21, which applies to this proceeding pursuant to Fed. R. Bank. Proc. 7021:

> On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

*See* Fed. R. Civ. P. 21. The Court has discretion to dismiss misjoined parties from an action. *See Cargo Pac. Logistics, Inc. v. Concord Exp., Inc.*, No. 96 C 2558, 1996 WL 699649, at *6 (N.D. Ill. Nov. 27, 1996).

The debt evidenced by a loan is owed to the *owner* of the loan, not the *servicer*. *See In re Aalabdulrasul*, No. ADV 11-09089, 2012 WL 1597277, at *1 (Bankr. N.D. Iowa May 7, 2012). Thus, "no purpose would be served in declaring the debt dischargeable" as to the servicer of the loan. *Id.*, quoting *Srinivasan v. Sallie Mae, Inc.*, No. 10-1545, 2010 WL 3633062, at *3 (Bankr. D.N.J. Sept. 7, 2010). Consequently, a loan servicer is not a proper party to a claim to discharge student loan debt because the servicer "cannot provide the relief Debtor seeks under 11 U.S.C. § 523(a)(8)." *Id.* at *2.

For this reason, federal bankruptcy courts routinely dismiss bankruptcy adversary proceedings against student loan servicers when the debtor seeks a discharge of his or her liability for the student loans. *See e.g., In re Farina*, No. 16-51125-BEM, 2016 WL 4398411, at *2-3 (Bankr. N.D. Ga. June 16, 2016) (finding that the debtor did not state a plausible claim for discharge of student loan debt against student loan servicer when the debtor did "not allege that

4

Plaintiff owes a debt to Defendant or that Defendant has any interest in Plaintiff's student loans"); *Shanks v. Sallie Mae (In re Shanks)*, No. 14-52925, AP No. 14-5189, 2014 WL 4365962, at *1-2 (Bankr. N.D. Ga. Aug. 28, 2014) (dismissing adversary complaint against defendant that did not have "any interest in the student loans other than as a servicer"); *In re Aalabdulrasul*, 2012 WL 1597277, at *1 (finding that the defendant student loan servicer was not a proper defendant because it did not own the loans and was not owed any debt by the plaintiff); *Srinivasan v. Sallie Mae, Inc.*, No. 10-1545, 2010 WL 3633062, at *3 (Bankr. D.N.J. Sept. 7, 2010), *aff'd,* No. 10-12732 RTL, 2011 WL 3040218 (D.N.J. July 25, 2011) (adversary action against loan servicer Sallie Mae dismissed based on finding that debtor did not owe a debt to Sallie Mae which was only the servicer of the student loans).

Additionally, earlier this year, this Court dismissed nearly identical adversary claims brought by a debtor against FedLoan seeking the discharge of student loans – just as Plaintiff seeks to do here. *See In Re: Jamille Joan Edwards*, Case No. 20-104 (ECF 1, 24). In that case, FedLoan filed a motion to dismiss, arguing that it was an improper defendant because it merely serviced the debtor's student loans and did not have an ownership interest in the loans. *See* ECF 16, 17, 18, 19 (Case No. 20-104). The Court agreed with FedLoan and dismissed the adversary claims against FedLoan because it was not a proper defendant. *See* ECF 24 (Case No. 20-104).

The same result is warranted here. Plaintiff's Loan is owned by the Department of Education, not FedLoan. *See* FedLoan Decl., ¶¶ 9-10. FedLoan merely services the Loan. *Id.*, at ¶ 11, Therefore, FedLoan is not a real party-in-interest because it cannot provide the relief sought by Plaintiff, *i.e.*, to discharge his liability for the debt under Section 523(a)(8). For this reason, the Court should dismiss the adversary claims against FedLoan pursuant to Fed. R. Bank. Proc. 7021 and Fed. R. Civ. P. 21.

### B.     The Claims Should Also Be Dismissed under Rule 12(b)(6).

The adversary claims against FedLoan also should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), which applies to this proceeding pursuant to Fed. R. Bank. Proc. 7012(b). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567, 127 S. Ct. 1955, 1972, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Plaintiff's adversary claims are inadequately pled because FedLoan is not a "creditor" under the Bankruptcy Code and because Plaintiff's claims are inadequately pled to the extent he attempts to plead any claims other than for the discharge of the Loan.

#### 1.     *FedLoan is not a "creditor."*

Section 101 of the Bankruptcy Code ("Code") defines "creditor" to be an "entity that has a claim against the debtor." *See* 11 U.S.C. § 101(10). The "creditor" for purposes of student loans is the owner of the loan because that is the party that has an enforceable interest in the loans. *See Aalabdulrasul*, 2012 WL 1597277, at *2. FedLoan is not a "creditor" of Plaintiff's Loans because it does not own the Loan. *See* FedLoan Decl., ¶ 9-10. FedLoan only services the Loan, *see id.*, ¶ 11, and, as the servicer of the Loan, it is not an entity that had a claim against Plaintiff, that had a claim pursuant to §§ 348(d) and 502(f)-(i) of the Code, or that had a community claim. *Aalabdulrasul*, 2012 WL 1597277, at *2. Consequently, Plaintiff cannot

6

maintain a claim against FedLoan, his adversary claims against FedLoan are inadequately pled, and the claims should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).[4]

### 2. To the extent Plaintiff attempts to plead any other claims against FedLoan, those claims are inadequately pled.

Plaintiff's adversary claims against FedLoan are nonsensical. (ECF 1, pp. 2-18) As described herein, it appears that Plaintiff's only claims against FedLoan relate to the discharge of his Loan. (*Id.*) While the Complaint lists a number of other statutes (for example, Truth in Lending Act, Illinois Consumer Fraud Act, and Equal Credit Opportunity Act referenced in Count III), those claims appear to be directed at Bank of America. (*Id*; Count I, II, and III.) To the extent, however, Plaintiff intended to assert any other claims against FedLoan, those claims are inadequately pled. Throughout the Complaint, Plaintiff repeatedly references "mortgage" and "property," and, at no time, references FedLoan or student loans other than to seek a discharge of his liability for the Loan. (*Id.*) Thus, Plaintiff has failed to allege a "plausible" claim that could "allows the court to draw the reasonable inference that [FedLoan] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, although Plaintiff baldly alleges that FedLoan "misused and abused my name through Credit Reporting Agencies" (ECF 1, p. 17-18), he does not allege what FedLoan reported or how that "abused his name." Nor could any such allegation give rise to a viable claim against FedLoan because (a) Plaintiff has not alleged that he disputed any of FedLoan's credit reporting, which is a prerequisite for a claim under Section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), and (b) any other claims based on FedLoan's reporting would be preempted by Section 1681t(b)(1)(F) of the FCRA.

---

[4] Because the adversary claims against FedLoan should be dismissed with prejudice under Fed. R. Bank. Proc. 7012(b) and 7021, the Court need not address whether Plaintiff's request that the Loan be discharged under the "Brunner Test." *See In re Davis*, 608 B.R. 693, 703 (Bankr. N.D. Ill. 2019).

## IV.  CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant FedLoan Servicing respectfully requests that this Court entered an order that (a) grants this Motion to Dismiss, (2) dismisses all claims asserted against FedLoan Servicing in the Adversary Complaint with prejudice, and (3) enters any further relief that it deems just and fair.

Dated: November 5, 2020                    Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Robert W. Brunner*
Robert W. Brunner (6203884)
Matthew M. Petersen (6300547)
161 North Clark Street, Suite 4300
Chicago, IL 60601
(312) 602-5000 (telephone)
robert.brunner@bclplaw.com
matt.petersen@bclplaw.com

*Attorneys for FedLoan Servicing*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on November 5, 2020, a true and correct copy of the foregoing was served via the Court's electronic filing system upon counsel of record, and served by U.S. Mail, postage pre-paid, on the following:

George E Asiedu
105 Stephens Street
Matteson, IL 60443


*/s/ Robert W. Brunner*