## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: GEORGE ASIEDU, <br><br> Debtor. | |
| GEORGE ASIEDU, <br><br>     Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS LP DBA COUNTRYWIDE HOME LOANS; PENNYMAC HOME LOAN SERVICING; VERIPRO SOLUTIONS; FED LOAN SERVICING; CITY OF CHICAGO FINANCE; CAPITAL ONE AUTO FINANCING; PEOPLES GAS; ASSOCIATED IN SLEEP MEDICINE, <br><br>     Defendants. | Bankruptcy Case No. 20-13842 <br><br> Chapter 13 <br><br> Honorable Timothy A. Barnes <br><br> Adversary Proceeding No. 20-00343 |

### NOTICE OF MOTION

TO: See attached list

    **PLEASE TAKE NOTICE** that on **December 3, 2020, at 1:30 p.m.**, I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, and present the motion of **BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS LP DBA COUNTRYWIDE HOME LOANS to Dismiss Plaintiff's Complaint**, a copy of which is attached.

    **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

1

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 329 5276 and the password is 433658.  The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: November 18, 2020                    Respectfully submitted,

                                            By: /s/  Natalie Burris
                                                Natalie Burris
                                                Bar No. 6308676
                                                WINSTON & STRAWN LLP
                                                35 West Wacker Drive
                                                Chicago, IL  60601-9703
                                                Phone: (312) 558-7882
                                                nburris@winston.com
                                                *Attorneys for BANK OF AMERICA,*
                                                *N.A. SUCCESSOR BY MERGER TO*
                                                *BAC HOME LOANS LP DBA*
                                                *COUNTRYWIDE HOME LOANS*

## CERTIFICATE OF SERVICE

I, Natalie Burris, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: November 18, 2020                    /s/ Natalie Burris

**Via CM/ECF and U.S. Mail**
George Asiedu
105 Stephens St.
Matteson, IL 60443
708-663-3614
Email: Asiedu488@gmail.com
*Pro se*

**Via CM/ECF**

Michael B Kind
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
312-443-0700
Email: michael.kind@lockelord.com
*Counsel for Defendant Penny Mac Loan Services, LLC*

Robert W. Brunner
Bryan Cave Leighton Paisner LLP
161 North Clark St., Suite 4300
Chicago, IL 60601
312-602-5000
Email: robert.brunner@bclplaw.com
*Counsel for Defendant FedLoan Servicing*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: GEORGE ASIEDU,<br><br>     Debtor.<br><hr><br>GEORGE ASIEDU,<br><br>     Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS LP DBA COUNTRYWIDE HOME LOANS; PENNYMAC HOME LOAN SERVICING; VERIPRO SOLUTIONS; FED LOAN SERVICING; CITY OF CHICAGO FINANCE; CAPITAL ONE AUTO FINANCING; PEOPLES GAS; ASSOCIATED IN SLEEP MEDICINE,<br><br>     Defendants. | Bankruptcy Case No. 20-13842<br><br>Chapter 13<br><br>Honorable Timothy A. Barnes<br><br>Adversary Proceeding No. 20-00343 |

<u>**BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**</u>

Bank of America, N.A., successor by merger to BAC Home Loans LP dba Countrywide Home Loans[1] ("BANA"), through its attorneys, Winston & Strawn LLP, respectfully moves to dismiss the September 21, 2020 Complaint ("Complaint" or "Compl.") [Doc No. 1] of Plaintiff George Asiedu ("Plaintiff"), with prejudice, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. As explained below, the Court should dismiss the Complaint in its entirety, with prejudice, because Plaintiff does not and cannot state a cognizable claim for relief.

---

[1] "BAC Home Loans LP" and "Countrywide Home Loans" are misnomers. BANA is successor by merger to BAC Home Loans Servicing, LP and Countrywide Home Loan Servicing, LP.

## INTRODUCTION

Plaintiff's Complaint is rambling and at times, incoherent.   However, it appears that Plaintiff purports to assert claims against BANA for violation of the Gramm-Leach-Bliley Act, for obstruction of justice, and for money laundering.   The claims stem from a mortgage previously serviced by BANA on Plaintiff's residence and the transfers in interest related to that mortgage.

By way of background, on April 30, 2008, Plaintiff executed a promissory note (the "Note," attached hereto as **Exhibit A**[2]), in favor of Security Atlantic Mortgage Co. Inc. ("Security Atlantic"), in exchange for a loan in the principal amount of $313,381.00 (the "Loan").   On the same date, Plaintiff also executed a mortgage (the "Mortgage," attached hereto as **Exhibit B**[3]) on certain real property located at 105 Stephens Street, Matteson, Illinois (the "Property") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Security Atlantic and its successors and assigns as security for the Note.   The Mortgage was recorded by the Cook County Recorder of Deeds on May 20, 2008 as Document No. 0814117097.   *See* Ex. B.

MERS assigned the Mortgage to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP ("BAC") per an assignment of mortgage recorded on July 14, 2010 with the Cook County Recorder of Deeds as Document No. 1019505163 (the "First Assignment," attached hereto as **Exhibit C**[4]).   Effective January 21, 2015, the servicing rights of the Loan

---

[2] The Court may consider any document without converting the instant motion to one for summary judgment if the document is "referred to in the complaint and is central to the plaintiff's claims." *Michalowski v. Flagstar Bank, FSB*, No. 01 C 6095, 2002 WL 113905, at *2 (N.D. Ill. Jan. 25, 2002) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).  Ex. A memorializes the "home loan" referenced in paragraph 56 of the Complaint and the mortgage loan referenced throughout the Complaint.

[3] *See* n.2 *supra*.  In addition, the Court may take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either 1) "generally known within the territorial jurisdiction of the trial court" or 2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).  Ex. B, a recorded mortgage, is a matter of public record.

[4] Ex. C memorializes the assignment of rights in the Mortgage referenced in paragraph 66 of the Complaint and, as a recorded document, is a matter of public record of which the Court may take judicial notice.  *See* n.2 and n.3 *supra*.

transferred from BANA to Rushmore Loan Management Services LLC ("Rushmore"). *See* "First Notice of Service Transfer" attached hereto as **Exhibit D**[5]. BANA, as successor by merger to BAC, assigned the Mortgage to the Secretary of Housing and Urban Development ("HUD") per an assignment of mortgage recorded on June 3, 2015 with the Cook County Recorder of Deeds as Document No. 1515457227 (the "Second Assignment," attached hereto as **Exhibit E**[6]).

Subsequently, HUD assigned the Mortgage to GCAT 2014-4, LLC c/o Rushmore Loan Management Services ("GCAT"), per an assignment of mortgage recorded on September 23, 2015 with the Cook County Recorder of Deeds as Document No. 1526647034 (the "Third Assignment," attached hereto as **Exhibit F**[7]). GCAT then assigned the Mortgage to Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not in its individual capacity but solely as trustee for BCAT 2014-4TT ("Wilmington"), per an assignment of Mortgage recorded on October 1, 2015 with the Cook County Recorder of Deeds as Document No. 1527456055 (the "Fourth Assignment," attached hereto as **Exhibit G**[8]). Effective May 1, 2016, the servicing rights of the Loan transferred from Rushmore back to BANA. *See* "Second Notice of Service Transfer" attached hereto as **Exhibit H**[9]. Finally, effective November 1, 2016, the servicing rights of the Loan transferred from BANA to PennyMac Loan Services, LLC ("PennyMac"). *See* "Third Notice of Service Transfer" attached hereto as **Exhibit I**[10].

In the meantime, on May 24, 2016, Plaintiff obtained a discharge of the debt in connection with the Mortgage Loan pursuant to his Chapter 7 bankruptcy matter filed in the U.S. Bankruptcy Court for the Northern District of Illinois, Case No. 16-05372. *See* Schedule D of Plaintiff's

---

[5] *See* n.2 and n.4 *supra.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

Voluntary Petition attached hereto as **Exhibit J** and Order of Discharge attached hereto as **Exhibit K**. On March 18, 2020, Plaintiff filed a Chapter 13 bankruptcy matter in the U.S. Bankruptcy Court for the Northern District of Illinois, Case No. 20-07800, which was dismissed on May 6, 2020 due to Plaintiff's failure to file a plan timely. *See* Order attached hereto as **Exhibit L**. On July 13, 2020, Plaintiff filed a second Chapter 13 bankruptcy matter, which is the underlying Case No. 20-13842.

Plaintiff now brings the instant adversary Complaint against BANA, which has not serviced the Loan for more than four years. *See* Ex. I. Plaintiff asserts claims against BANA for violation of the Gramm-Leach-Bliley Act (the "GLBA"), obstruction of justice, and money laundering. However, Plaintiff's Complaint is woefully deficient and fails to state a claim for which relief can be granted. None of the statutes upon which Plaintiff relies grant Plaintiff a private right of action. Accordingly, and for the reasons explained more fully below, the Court should dismiss Plaintiff's Complaint as to BANA, with prejudice, pursuant to Rules 8(a) and 12(b)(6).

## **LEGAL STANDARD**

### I.   **APPLICABLE LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 8(a).**

Rule 8(a) requires pleadings to contain "a *short and plain statement* of the claim showing that the pleader is entitled to relief" to "give the defendant *fair notice* of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added); *see also* F. R. Civ. P. 8(a). In order for a claim to comply with Rule 8 and survive a motion to dismiss under Rule 12, a claim "***must contain sufficient factual matter … to state a claim for relief that is plausible on its face***." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

### II.   **APPLICABLE LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6).**

To survive a Rule 12(b)(6) motion: "(1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests; and (2) its allegations must plausibly suggest that the plaintiff has the right to relief, raising that possibility above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. A claim "***must contain sufficient factual matter … to state a claim for relief that is plausible on its face***." *Id.* (emphasis added). In requiring plausibility of a claim for relief, a plaintiff is not held to a "probability requirement," but the plaintiff must still plead more than a "sheer possibility that a defendant acted unlawfully." *Id.* A complaint that only pleads facts that are "merely consistent with" liability fails to cross the line from "possibility" to "plausibility." *Id.*

## ARGUMENT

### I.   THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8(a).

Plaintiff's Complaint does not comply with Rule 8(a) because it is indecipherable, incoherent, and fails to provide BANA with fair notice of what claims Plaintiff purports to assert against it or the legal and factual basis for such claims. *See generally* Compl. Failure to comply with the pleading requirements of Rule 8 is fatal to a complaint. *Skolnick v. Clinton*, No. 96 C 4373, 1996 WL 745378, at *2 (N.D. Ill. Dec. 23, 1996) (dismissing plaintiff's claims for failure to comply with Rule 8(a) because Court was unable to ascertain the nature or specific content thereof); *see also Woodson v. Quinn*, No. 13-CV00240-GPM, 2013 WL 1397726, at *2-4 (S.D. Ill. Apr. 5, 2013) (dismissing plaintiff's claims for failure to comply with pleading requirements set forth in Rule 8(a)). Here, it is left to the reader to ascertain what claims Plaintiff purports to assert against each of the defendants, including BANA, and the basis for those claims.

Accordingly, the Court should dismiss the Complaint as to BANA in its entirety, with prejudice, for failure to comply with the pleading requirements set forth in Rule 8(a).

## II.   THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A PLAUSIBLE CLAIM PURSUANT TO RULE 12(b)(6).

### A.   Plaintiff's GLBA Claim Against BANA (Count I) Fails to State a Claim for Which Relief Can Be Granted.

In Count I, Plaintiff asserts a claim against BANA for violation of the GLBA, 15 U.S.C. § 6801 *et seq.*  Compl. ¶¶ 62-70.  Plaintiff alleges that BANA violated Plaintiff's privacy rights by sharing Plaintiff's non-public personal information and "Breach of Mortgage Contract." *Id.* ¶ 66. Plaintiff alleges that after the closing of the Loan, BANA allowed MERS to assign a trustee to "securitize, rate, and pool these subprime loans together to sell the loans." *Id.*  Plaintiff contends that, when the loans are sold to investors, "the investors must review the Plaintiff's personal financial background." *Id.*  Plaintiff further alleges that BANA capitalized off of Plaintiff's personal information without Plaintiff's permission and violated its own privacy policy. *Id.* ¶ 68. Plaintiff's claim pursuant to the GLBA fails because the GLBA does not provide for a private right of action, and even if it did, Plaintiff's allegations do not state a plausible claim against BANA.

The GLBA's stated policy is that "each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information […]." 15 U.S.C. § 6801(a). As such, the GLBA governs the disclosure of "nonpublic personal information." *See* 15 U.S.C. § 6802.  The GLBA defines "nonpublic personal information" as personally identifiable financial information (i) provided by a consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution.  *See* 15 U.S.C § 6809(4).  A financial institution generally may not, directly or through any affiliate, disclose to a nonaffiliated third party any nonpublic personal information.

*See* 15 U.S.C § 6802(a), (b).   However, the GLBA sets forth numerous exceptions to this prohibition, including "proposed or actual securitization, secondary market sale (including sales of servicing rights), or similar transaction related to a transaction of the consumer", and when the disclosure occurs "with the consent or at the direction of the consumer."  15 U.S.C § 6802(e).

Courts have consistently held that the GLBA does not provide for a private right of action. *In re Matthys*, No. 09-16585-AJM-13, AP No. 09-50794, 2010 WL 2176086, at *6 (Bankr. S.D. Ind. May 26, 2010) ("The statute makes no mention of an individual's right to sue under the Act and an implied right to sue cannot be gleaned from the Act.  Thus, courts have consistently held that there is no private right of action created by Congress under the GLBA."); *USAA Fed. Savs. Bank v. PLS Fin. Servs.*, 340 F. Supp. 3d 721, 726 (N.D. Ill Oct. 23, 2018) ([I]t is well-recognized that the GLBA does not provide a private right of action to enforce its rules.").   By its very terms, the GLBA can only be enforced by "the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission."  15 U.S.C. § 6805(a).  Accordingly, Plaintiff's claim premised on violation of the GLBA fails.

Furthermore, even if the GLBA provided for a private right of action, Plaintiff fails to state a plausible claim against BANA regarding an alleged failure to respect Plaintiff's privacy and protect the security and confidentiality of Plaintiff's nonpublic personal information.  Beyond threadbare recitals, Plaintiff fails to plead that Plaintiff is a customer, BANA is a financial institution, and MERS is a nonaffiliated third party subject to the GLBA.  Plaintiff also fails to plead sufficient facts regarding the nonpublic personal information which he alleges BANA improperly disclosed.

Furthermore, Plaintiff construes information disclosed in the course of securitization of the Loan as a violation of the GLBA, yet securitization is an exception in § 6802(e).  Also, to the

extent that Plaintiff premises his claim on the First Assignment of the Mortgage, which
memorialized an assignment from MERS to BAC (*see* Ex. C), Plaintiff consented to MERS' role
when he executed the Mortgage.  The Mortgage sets forth that Plaintiff "understands and agrees
that MERS holds only legal title to the interests granted by Borrower in this Security Instrument,
but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's
successor's and assigns) has the right to exercise any or all of those interests […].  *See* Ex. B at 1.
Therefore, MERS assigned the Mortgage to BANA's predecessor in interest with the consent of
Plaintiff, and any disclosure of nonpublic personal information that occurred in the course of the
assignment is exempt from the GLBA pursuant to § 6802(e).  Furthermore, to the extent Plaintiff
is challenging the First Assignment, he does not have standing to challenge the validity of an
assignment of mortgage.  *See Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road
Holding, LLC*, 399 Fed. App'x 97, 102 (6th Cir. 2010) (borrower lacks standing to challenge an
assignment or the contents thereof because he is not a party to the assignment, and it does not
convey any rights or benefits to him).

Accordingly, Plaintiff fails to allege sufficient facts to state a plausible claim for violation
of the GLBA against BANA.  Thus, the Court should dismiss Count I of the Complaint as to
BANA, with prejudice.

**B.  Plaintiff's Claim for Obstruction of Justice Against BANA (Count II) Fails to State a Claim for Which Relief Can Be Granted.**

In Count II, Plaintiff asserts a claim against BANA for obstruction of justice pursuant to
18 U.S.C. § 1503.  Compl. ¶¶ 71-72.  Plaintiff premises his claim on the dismissal of his Chapter
13 bankruptcy matter filed on March 18, 2020 as Case No. 20-07800.  *Id.* ¶ 71.  However, BANA
was not a party to Case No. 20-07800, nor is BANA a party to the underlying Chapter 13
bankruptcy matter, Case No. 20-13842.  Moreover, the federal obstruction of justice statute does

not provide a private right of action. *See Szplett v. Kenco Logistic Servs., LLC*, Case No. 19 C 2500, 2020 U.S. Dist. LEXIS 70661, at *8 (N.D. Ill. Apr. 22, 2020) *citing Banks v. Kramer*, 2009 Case No. 09-5140, 2009 WL 5526780, at *1 (D.C. Cir. Dec. 30, 2009) ("Appellant alleges violations of 18 U.S.C. §§ 1001, 1503, 1505, 1621, and 241, but there is no private right of action under these criminal statutes."); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("18 U.S.C. §§ ... 1001 ... and 1503 ... are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action.").

Plaintiff also references procedural due process rights. *See* Compl. ¶ 72. To the extent Count II is premised on a denial of Plaintiff's right to procedural due process, such claim against BANA fails because BANA is not a governmental entity or state actor. The Fifth Amendment of the U.S. Constitution, which provides a right to due process, applies to and restricts only the federal government and not private parties. *See Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952). Like its counterpart in the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment "was intended to prevent *government* 'from abusing [its] power, or employing it as an instrument of oppression[.]'" *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989) (quoting *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (emphasis added)). Plaintiff does not and cannot plausibly allege that BANA is a state actor for purposes of a constitutional claim.

Accordingly, Plaintiff fails to allege sufficient facts to state a plausible claim for obstruction of justice or violation of due process rights against BANA. Thus, the Court should dismiss Count II of the Complaint as to BANA, with prejudice.

### C. Plaintiff's Claim for Money Laundering Against BANA (Count III) Fails to State a Claim for Which Relief Can Be Granted.

In Count III, Plaintiff asserts a claim against BANA for "laundering of monetary instrument per Mortgage Breach of Contract" pursuant to 18 U.S.C. § 1956.  Compl. ¶¶ 73-82. Count III suffers from the same fatal defect as Count II: 18 U.S.C. § 1956 is a federal criminal statute that does not provide a private right of action.  *See Shah v. Rodino*, Case No. 3:13-CV-103 JD-CAN, 2014 U.S. Dist. LEXIS 38786, at **21-22 (N.D. Ind. Mar. 24, 2014). The statute provides that violations may be investigated by the Justice, Treasury, and Homeland Security Departments, as well as the United States Postal Service.  *See* 18 U.S.C. § 1956(e).

Plaintiff also includes in Count III a laundry list of additional violations, such as various practices prohibited by the Truth in Lending Act ("TILA"), the Illinois Interest Act, the Illinois Consumer Fraud Act ("ICFA"), the Equal Credit Opportunity Act, and the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *Id.* ¶¶ 74-78.  Plaintiff fails to identify a single fact that would entitle Plaintiff to any relief against BANA pursuant to the numerous causes of action he lists.  Plaintiff appears to have simply copied and pasted the statutes he references, and throughout Count III, uses passive voice.  Plaintiff's threadbare recitals fail to form a plausible claim that would entitle him to relief.

The Court also should dismiss Count III to the extent it is premised on fraud because Plaintiff fails to plead any cognizable cause of action within the requirements of Federal Rule of Civil Procedure 9.  Plaintiff mentions mortgage fraud, a "scheme to defraud" him, and the ICFA. Compl. ¶¶ 73, 75-76.  As a matter of law, in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Jackson v. Bank of Am. Corp.,* 711 F.3d 788, 791 (7th Cir. 2013) (affirming district court's motion to dismiss) (quoting *Iqbal*, 556 U.S. at 678 (2009)) (internal quotation marks omitted).  A complaint must be dismissed where the well-pleaded facts

"do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679 (internal quotation marks omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, for claims based on fraud, a complainant "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiff must, in other words, set forth in his pleading "the first paragraph of any newspaper story: 'the who, what, when, where, and how.'" *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)).

Count III does not meet these standards. Plaintiff states nothing more than conclusory allegations that fraud exists without supporting these allegations with any description of "who, what, when, where, and how" the fraud perpetuated. This clearly fails the pleading standards set forth in *Iqbal*. Accordingly, to the extent this Court interprets Count III of Plaintiff's Complaint as including a claim for fraud, it fails to comply with the requirements of Rule 9(b) and similarly fails to state any claim for which relief can be granted.

Accordingly, Plaintiff fails to allege sufficient facts to state a plausible claim for money laundering against BANA. Thus, the Court should dismiss Count III of the Complaint as to BANA, with prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint in its entirety as to BANA, with prejudice, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: November 18, 2020                    Respectfully submitted,

                                            By: /s/  Natalie Burris
                                                 Natalie Burris
                                                 Bar No. 6308676
                                                 WINSTON & STRAWN LLP
                                                 35 West Wacker Drive
                                                 Chicago, IL  60601-9703
                                                 Phone: (312) 558-7882
                                                 nburris@winston.com
                                                 *Attorneys for BANK OF AMERICA,*
                                                 *N.A. SUCCESSOR BY MERGER TO*
                                                 *BAC HOME LOANS LP DBA*
                                                 *COUNTRYWIDE HOME LOANS*

## CERTIFICATE OF SERVICE

I, Natalie Burris, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: November 18, 2020                    /s/ Natalie Burris


**Via CM/ECF and U.S. Mail**
George Asiedu
105 Stephens St.
Matteson, IL 60443
708-663-3614
Email: Asiedu488@gmail.com
*Pro se*

**Via CM/ECF**
Michael B Kind
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
312-443-0700
Email: michael.kind@lockelord.com
*Counsel for Defendant Penny Mac Loan Services, LLC*

Robert W. Brunner
Bryan Cave Leighton Paisner LLP
161 North Clark St., Suite 4300
Chicago, IL 60601

312-602-5000
Email: robert.brunner@bclplaw.com
*Counsel for Defendant FedLoan Servicing*